J-A26034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM M. MOORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENN HIGHLANDS HEALTHCARE AND | : | No. 509 WDA 2024 |
| DAVID TRUDELL | : | |

Appeal from the Order Entered April 1, 2024
In the Court of Common Pleas of Clearfield County Civil Division at
No(s): 2023-0764-CD

BEFORE: BOWES, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: MARCH 24, 2025**

William M. Moore ("Moore") appeals from the order entered by the Clearfield County Court of Common Pleas ("trial court") granting the preliminary objections filed by Penn Highlands Healthcare ("PHH") and David Trudell ("Trudell") (collectively, "Appellees"), and dismissing Moore's amended complaint with prejudice. Because we find that Moore waived consideration of his claim that Appellees failed to establish conditional privilege as a defense to his defamation claim, we affirm.

We glean the following from the well-pleaded facts contained in Moore's operative complaint. Moore is an adult individual who resides in Clearfield County. Amended Complaint, 7/24/2024, ¶ 1. Moore is a person of good name and character who enjoys the esteem and good opinion of people. *Id.* ¶ 4. PHH is a healthcare system and provider in Clearfield County. *Id.* ¶¶ 2,

5. Trudell is PHH's System Director of Public Relations and Marketing. *Id.* ¶¶ 3, 5. On November 4, 2022, Moore received a document identified as a "Notice of Prohibition Against Trespass" ("Letter"), mailed to him directly, which stated:

> Re: Notice of Prohibition Against Trespass
>
> Dear Mr. Moore,
>
> In light of your history, record of offenses and recent threats and expressed hostility against our organization, we consider you to be a risk to the safety and security to our employees, patients, and visitors.
>
> Please take note that except in circumstances where you are experiencing a medical emergency or when your primary care provider has pre-arranged and obtained authorization from the administration of a Penn Highlands facility for a medical examination, test or consultation, you are prohibited from entering on to the premises of any Penn Highlands location and/or attend any Penn Highlands Healthcare sponsored events.
>
> You are directed not to attend the Center of Excellence events scheduled on November 4 or 5, 2022. The cost of the tickets you purchased have been refunded.
>
> Any violation of this directive shall be referred to law enforcement.
>
> Penn Highlands Healthcare
>
> CC: DuBois City Police Department [("DCPD")]
> CC: Sandy Township Police Department [("STPD")]
> CC: Shalva V. Kakabadze, M.D.[1]

---

[1] Dr. Kakabadze is Moore's primary care physician and an employee of PHH.

*Id.* ¶ 7 (quoting Letter, 11/4/2022) (footnote added).[2]

On June 5, 2023, Moore filed a complaint, asserting a defamation claim against Appellees. He filed an amended complaint on July 24, 2024. Therein, Moore alleged that Trudell was authorized to author the Letter on behalf of PHH. *Id.* He averred that Appellees intended to injure him and bring scandal upon him, and that they "knowingly and maliciously, or with reckless disregard for the truth or negligently and carelessly, published and circulated or caused to be published and circulated the [] defamatory and libelous statements" in the Letter. *Id.* Further, Moore claimed that the Letter "either expressly or by implication, [conveyed] that [Moore] had a history of criminal behavior, was a violent individual with a violent criminal record and was capable or would be capable of committing a violent crime or violent crimes against [PHH] and its employees, its patients and visitors." *Id.* ¶ 8; *see also id.* ¶¶ 9, 10 (averring that statements and implications are blatantly false and constitute defamation per se and libel per se). Moore argued that at the time of the Letter's publication to the police departments and Dr. Kakabadze, Appellees "knew or should have known that the statements and implications contained in the [Letter] were false." *Id.* ¶ 11. He further averred that as a result of Appellee's

_____

[2] We note that Moore filed a medical and corporate negligence action against PHH in 2017, which was dismissed with prejudice on summary judgment in December 2019. This Court affirmed this dismissal. *See Moore v. Penn Highlands Healthcare*, 26 WDA 2020, 2021 WL 982662 (Pa. Super. Mar. 16, 2021) (non-precedential decision).

actions, he "has been greatly injured, in his good name, credit and reputation, has impaired his standing in his community, has suffered personal humiliation and mental anguish, and has been brought into public scandal and character disgrace." *Id.* ¶ 12. Additionally, Moore alleged that after Appellees sent the Letter, "every time he drives his vehicle from his home in Treasure Lake, DuBois, Pennsylvania, to the City of DuBois, the [DCPD] follow him, to [his] destinations. *Id.* ¶ 13. According to Moore, the police department believed "[he] is a dangerous and viole[n]t person, and a person of criminal behavior." *Id.* He claimed that the "libelous per se statements made by [Appellees], abused any 'conditionally privileged occasion'[] they held[] because such statements were not made for the purpose of inducing the two police departments, 'to bring criminal charges' against [Moore]." *Id.* ¶ 15; *see also id.* ¶ 14 (averring that the "libelous per se statements 'imply undisclosed facts' that impute [Moore] will be subject to a criminal offense").

Appellees filed preliminary objections to Moore's amended complaint in the nature of a demurrer. Moore responded by filing preliminary objections to Appellees' preliminary objections. The trial court held argument on the parties' preliminary objections. Ultimately, the trial court entered an order sustaining Appellees' preliminary objections, denying Moore's preliminary objections, and dismissing Moore's amended complaint with prejudice.

Moore filed this timely appeal, and raises the following questions for our review:

1. Whether the trial court erred in granting Appellees' preliminary objections on grounds that the Letter is subject to absolute and conditional privilege?

2. Whether the trial court erred in granting Appellees' preliminary objections on grounds that the November 4, 2022 correspondence [] was incapable of defamatory meaning?

3. Whether the trial court erred in granting Appellees' preliminary objections on grounds that the Letter constitutes pure opinion?

4. Whether the trial court erred in granting Appellees' preliminary objections on grounds that Moore failed to plead facts that establish fault and in doing so disregarded the proper standard which requires that all facts alleged and all reasonable inferences therefrom to be taken as true where the amended complaint specifically alleges that the defamatory statements were false and set forth knowingly, and/or alternatively whether the trial court erred in not permitting Moore an opportunity to amend to cure the supposed deficiencies in factual pleading?

5. Whether the trial court erred by granting the preliminary objections on grounds that Moore consented to the Letter's publication since Moore's attempt to publicly defend himself after the Letter had been published is not consent?

Moore's Brief at 9 (some capitalization omitted, issues reordered).

Our standard of review from an order granting preliminary objections in

the nature of a demurrer is as follows:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*d'Happart v. First Commonwealth Bank*, 282 A.3d 704, 712 (Pa. Super. 2022) (citation omitted).

To successfully state a claim for defamation in Pennsylvania, a plaintiff has the burden of proving:

(1) The defamatory character of the communication.
(2) Its publication by the defendant.
(3) Its application to the plaintiff.
(4) The understanding by the recipient of its defamatory meaning.
(5) The understanding by the recipient of it as intended to be applied to the plaintiff.
(6) Special harm resulting to the plaintiff from its publication.
(7) Abuse of a conditionally privileged occasion.

42 Pa.C.S. § 8343(a). If the claim is properly raised, the burden shifts to the defendant to prove "(1) the truth of the defamatory communication; (2) the privileged character of the occasion on which it was published; and (3) the

- 6 -

character of the subject matter of defamatory comment is of public concern." *Forbes v. King Shooters Supply*, 230 A.3d 1181, 1187 (Pa. Super. 2020) (citation omitted); *see also* 42 Pa.C.S. § 8343(b). "Depending upon the importance of the publisher's actions to society, the privilege may be absolute or conditional/qualified." *Forbes*, 230 A.3d at 1187 (citation omitted). We now address each of the trial court's relevant findings, and Moore's arguments in opposition to discern whether the court properly sustained Appellees' preliminary objections.

We address Moore's conditional privilege claim first, as it is dispositive of this appeal. Moore contends that Appellees could not raise a conditional privilege in their preliminary objections. Moore's Brief at 28. He asserts that conditional privilege is an affirmative defense that must be raised in new matter. *Id.* at 28, 29. Moore contends that he raised this claim in his own preliminary objections in response to Appellees' preliminary objections. *Id.* He concludes, therefore, that it was improper for the trial court to grant preliminary objections on this basis. *Id.*

Moore is correct that "all affirmative defenses including but not limited to … privilege, … shall be pleaded in a responsive pleading under the heading 'New Matter.'" Pa.R.Civ.P. 1030(a). "[I]t is well established that the defense of qualified privilege must be raised by new matter and not by preliminary objection." *Wecht v. PG Pub. Co.*, 510 A.2d 769, 771 (Pa. Super. 1986). However,

[w]here a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.

**Richmond v. McHale**, 35 A.3d 779, 782 (Pa. Super. 2012) (citation omitted); **see also** Pa.R.Civ.P. 1032(a) (Waiver of Defenses).

The record reflects that although Moore filed preliminary objections to Appellees' preliminary objections, he failed to raise the claim that Appellees could not raise conditional privilege at the preliminary objection stage.[3] **See** Moore's Preliminary Objections to Appellees' Preliminary Objections, 8/30/2023, ¶¶ 35-45. Thus, Moore waived any procedural defect and the trial court was allowed to rule on the preliminary objections, including Appellees' claim of conditional privilege. **See Soto v. Nabisco, Inc.**, 32 A.3d 787, 788 n.2 (Pa. Super. 2011) (the failure of opposing party to file preliminary objections to defective preliminary objections which erroneously raised substantive defenses waives any procedural defect and allows trial court to rule on the preliminary objections); **see also** Pa.R.A.P. 302(a). Thus, we will determine whether the trial court properly granted preliminary objections on this basis.

_____

[3] Without citation to the record or, more pointedly, to his preliminary objections, Moore claims that he "did not waive this argument, as he filed his own preliminary objections to Appellees' preliminary objections on that basis." Moore's Brief at 29. Our review of the record does not support this contention.

The trial court reasoned:

> Here, these statements are conditionally privileged from claims of defamation because DCPD, STPD, Dr. Kakabadze[,] and the public at large all had an interest in the Letter's contents. Specifically, that interest was ensuring the safety and security of PHH's employees, patients[,] and visitors by avoiding any potentially difficult situation stemming from the relationship between [] Moore and PHH – especially considering the Letter indicates that Moore had purchased tickets to attend a PHH event. Because it was the duty of DCPD and STPD to enforce that interest and Dr. Kakabadze is Moore's primary care provider and a physician employed by PHH, it logically follows that they were included as CC recipients. Given that each of the Letter's recipients, as well as the public at large, shared the interest of ensuring safety and maintaining the peace, its contents are subject to conditional privilege and cannot be the basis of a defamation claim.

Trial Court Opinion, 4/1/2024, at 12-13.

While Moore sets forth an argument relating to Appellees' invocation of absolute privilege, Moore provides no substantive argument whatsoever regarding the trial court's grant of Appellees' preliminary objections on conditional privilege. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citation omitted); *see also* Pa.R.A.P. 2119(a) (stating that the argument shall contain "such discussion and citation of authorities as are deemed pertinent."). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Coulter*, 94 A.3d at 1088 (citation omitted); *see also id.* at 1089 (noting "[m]ere issue spotting without analysis or legal

citation to support an assertion precludes our appellate review of [a] matter."). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* at 1088.

As Moore wholly failed to present an argument relating to the trial court's grant of Appellees' preliminary objections on conditional privilege, we conclude the claim is waived. *See id.* at 1089. Because Moore has not established the trial court erred in granting Appellees' preliminary objections and dismissing his amended complaint with prejudice, we are constrained to affirm the order.[4]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/24/2025

---

[4] We therefore need not discuss the remaining claims raised on appeal.